Euleeta L. WHITE, Plaintiff,

v.

**MILWAUKEE WIRE PRODUCTS,**
Defendant.

No. 00–C–135.

United States District Court,
E.D. Wisconsin.

July 19, 2000.

William E. McCarty, McCarty Lenz & Tolkan, Milwaukee, WI, for plaintiff.

Fred G. Groiss, Quarles & Brady, Milwaukee, WI, for defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

Plaintiff Euleeta White brought this Title VII action against Milwaukee Wire Products, a division of Charter Manufacturing Company, Inc. ["MWP"], alleging that while she worked there she was sexually harassed by her supervisor, Scott Berget, who subjected her to unwanted physical contact on three separate occasions. The defendants have moved for summary judgment on several grounds. The motion will be granted because two of the alleged incidents fall outside the 300–day period of limitation and the third alleged incident, though offensive, is insufficient standing alone to create a hostile work environment.

Viewing the evidence in the light most favorable to Ms. White, the relevant facts are as follows. In March 1997, Ms. White began working as a temporary employee for MWP, a manufacturer of auto parts. She became a permanent employee in October 1997. She worked the second shift, and her immediate supervisor was Scott Berget, the second shift supervisor.

For purposes of this motion, the court accepts as true the plaintiff's allegations that Mr. Berget sexually harassed her on three separate occasions between June 1997 and November 1998. The first incident occurred in June 1997, the second in June 1998, and the third in November 1998. Ms. White did not report any of these incidents to the defendant. She filed her charge with the Equal Employment Opportunity Commission ["EEOC"] in July 1999; only the third incident occurred within 300 days of this filing.

The first incident, in June 1997, occurred when Mr. Berget slapped Ms. White on the buttocks when she got out of a chair. Shortly afterward, he apologized to her for his conduct. The June 1998 harassment consisted of Mr. Berget approaching her from behind, putting his arm across her breasts, and pulling her close enough so that she could feel him pressing his genitals against her. She objected to his conduct and told him not to do it again. He did the same thing to her in November 1998. After this third incident, she shoved him away from her.

Ms. White did not report any of these incidents because she was afraid that she might lose her job and that the incidents would become public knowledge within the plant. She tried to report the conduct in July 1999, about eight months after the last incident. She left a message with human resources manager Mary Russo, telling her that she needed to discuss a problem. Ms. Russo called her back and asked her what the problem was. Ms. White declined to tell her over the phone and set up a personal meeting the next day. Immediately after hanging up, Ms. Russo paged Mr. Berget over the plant intercom system. Ms. White assumed that Ms. Russo was going to ask Mr. Berget if he knew about the plaintiff's problem. Ms. White cancelled the next day's meeting. She also left messages with two other

members of management, but they did not return her calls.

MWP did not learn of the plaintiff's allegations until she filed a charge with the EEOC. One of her coworkers filed another sexual harassment charge involving Mr. Berget the same day. Based on this other charge and Mr. Berget's admission that he had consensual sexual contact with the other coworker, the defendant terminated Mr. Berget. Ms. White continues to work at MWP.

The first issue I address is whether the first two incidents of harassment are barred by the 300–day period of limitations that expressly applies to Title VII actions. *See* 42 U.S.C. § 2000e–5(e); *Hardin v. S.C. Johnson & Son, Inc.,* 167 F.3d 340, 344 (7th Cir.), *cert. denied,* — U.S. —, 120 S.Ct. 178, 145 L.Ed.2d 150 (1999). The plaintiff argues that the earlier incidents are not barred, invoking the "continuing violation" exception to the statute of limitations. *See id.* However, it is well-settled that under this doctrine,

> [a] plaintiff may not base her ... suit on conduct that occurred outside the statute of limitations unless it would have been unreasonable to expect the plaintiff to sue before the statute ran on that conduct, as in a case in which the conduct could constitute, or be recognized, as actionable harassment only in the light of events that occurred later, within the period of the statute of limitations.

*Galloway v. General Motors Service Parts Operations,* 78 F.3d 1164, 1167 (7th Cir. 1996); *accord Hardin,* 167 F.3d at 344.

■ The continuing violation doctrine is inapplicable here. The plaintiff herself concedes in her brief that the second incident, which involved the same conduct as the third, constituted actionable sexual harassment:

> A "slap on the butt" by itself, while a totally inappropriate act for the workplace, may not rise to the level of unlawful sexual harassment. However, the incident of June, 1998 is much more reprehensible and, by itself, can support

a legally actionable claim of sexual harassment.

This was not conduct that could only be recognized as harassment in light of subsequent events. Clearly, it would not have been unreasonable to expect the plaintiff to have sued within 300 days of the second incident. Therefore, the statute of limitations bars her claims based on the two earlier incidents.

The question now becomes whether the third incident, standing alone, was sufficiently severe to create a hostile work environment. Ms. White must show that her "workplace [was] permeated with discriminatory intimidation ... that was sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive work environment." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). She also must show that her workplace was both objectively and subjectively hostile. *Hardin,* 167 F.3d at 345. Assuming that the plaintiff subjectively believed that her workplace was hostile, the question remains as to whether it was objectively hostile. That question is one of law. *Id.*

■ An objectively hostile environment is one that a reasonable person would find hostile or abusive. *Adusumilli v. City of Chicago,* 164 F.3d 353, 361 (7th Cir.1998), *cert. denied,* — U.S. —, 120 S.Ct. 450, 145 L.Ed.2d 367 (1999). In determining whether a plaintiff has met this standard, courts must consider all the circumstances, including the frequency of the discriminatory conduct, its severity, whether it was physically threatening or humiliating as opposed to a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance. *Id.* Isolated incidents, unless extremely serious, do not amount to discrimination in the terms and conditions of employment. *Faragher v. City of Boca Raton,* 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998).

■ Even viewing the evidence in the light most favorable to the plaintiff, I conclude that the conduct involved in the third incident, although highly offensive to the plaintiff, was not by itself sufficient to create a hostile work environment. The court of appeals for the seventh circuit has reached the same conclusion in cases with somewhat comparable facts. *See, e.g., Adusumilli,* 164 F.3d at 357 (7th Cir.1998) (hostile environment did not exist where plaintiff's coworkers made suggestive comments, stared at her and her breasts, and on four occasions a coworker briefly touched plaintiff's arm, fingers or buttocks); *Saxton v. American Telephone and Telegraph Co.,* 10 F.3d 526, 528, 534 (7th Cir.1993) (a supervisor's placing his hand on employee's leg above the knee, rubbing his hand along her upper thigh, forcibly kissing her, and lurching at her from behind bushes was not conduct sufficiently severe or pervasive to render the employee's environment hostile).

The plaintiff has not cited any cases holding that an isolated incident comparable to the one in the present case created an *objectively* hostile environment. Far worse conduct has been found insufficient to give rise to such an environment. *See Brooks v. City of San Mateo,* 214 F.3d 1082, 1086–87, 1090–91 (9th Cir.2000) (coworker placed his hand on plaintiff's stomach and, a few minutes after she pushed him away, positioned himself behind her chair, boxed the chair against her console, and forced his hand underneath her sweater and bra to fondle her bare breast).

The plaintiff quite understandably refers the court to an EEOC guideline that presumes a hostile environment exists whenever unwanted touching of intimate areas occurs (*see* EEOC, Policy Guidance on Sexual Harassment, 8 BNA FEP Manual 405:6691 (March 19, 1990)). However, this guideline is at odds with the totality of the circumstances test established by the Supreme Court in *Harris* (*see Brooks,* 214 F.3d at 1090 n. 7), as well as such seventh circuit cases as *Adusumilli* and *Saxton.* The plaintiff concedes in her brief that EEOC guidelines are not controlling. I must hold that clear precedent from the Supreme Court and the court of appeals for the seventh circuit is controlling.

## ORDER

IT IS ORDERED that the defendant's motion for summary judgment be and hereby is granted.

IT IS ALSO ORDERED that this action be and hereby is dismissed with prejudice.

This action came before the court with the Honorable Myron L. Gordon, District Judge, presiding. The issues have been heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that this action be and hereby is dismissed with prejudice.